### SHINNICK v. CLOVER FARMS CO.

(Supreme Court, Appellate Term, First Department. April 15, 1915.)

MASTER AND SERVANT ⬡⟞250¾, New, vol. 16 Key-No. Series—RIGHT OF ACTION FOR INJURIES—EXCLUSIVENESS OF WORKMEN'S COMPENSATION ACT.

Under Workmen's Compensation Law (Laws 1914, c. 41) § 10, providing that employers subject thereto shall pay compensation according to the schedules of that article for the disability or death of an employé resulting from a personal injury arising out of and in the course of the employment, section 11, providing that the liability thereby prescribed shall be exclusive, except that, if an employer fails to secure the payment of compensation as provided in that act, an injured employé or his legal representative may elect to claim compensation thereunder, or to sue for damages, and section 15, containing a schedule of compensation for various disabilities, but providing no compensation for injuries disfiguring, but not disabling, an employé, an employé may sue for injuries sustained in a hazardous employment by a bite from a horse, necessitating the amputation of a part of his ear, as it cannot be assumed that the Legislature intended to deprive employés of the right to recover damages for injuries not constituting disabilities.

Appeal from City Court of New York, Special Term.

Action by Thomas Shinnick against the Clover Farms Company. From an order overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Bertrand L. Pettigrew, of New York City (Edward E. Reardon, of New York City, of counsel), for appellant.

Henry Silverman, of New York City, for respondent.

GUY, J. The action is by employé against employer to recover damages for injuries sustained November 14, 1914, by a bite from a horse, necessitating the amputation of part of plaintiff's left ear. The defendant demurred, on the ground that the complaint does not state facts sufficient to constitute a cause of action.

It is conceded that under the law as it was prior to July 1, 1914, the

complaint would not be demurrable; but the specific objection is made that as it appears the injuries were received in a hazardous employment, as defined in section 2 of the Workmen's Compensation Law (Laws 1914, c. 41), in the absence of an allegation that the master has failed to secure the payment of compensation for his injured employés, a cause of action is not alleged.

Section 10 of the statute invoked provides for the payment of compensation for "disability or death" of employés resulting from accidental personal injuries; and section 11 states that:

"The liability prescribed by the last preceding section shall be exclusive, except that if an employer fail to secure the payment of compensation for his injured employés and their dependents as provided in section 50 of this chapter, an injured employé, or his legal representative in case death results from the injury, may, at his option, elect to claim compensation under this chapter, or to maintain an action in the courts for damages on account of such injury; and in such an action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant * * * or that the injury was due to the contributory negligence of the employé."

Section 15 contains a schedule of compensation for various disabilities, including the loss of a finger, hand, arm, foot, leg, and eye; that is, the loss or impairment of the use of a member of the body which is of valuable assistance in the performance of labor. But the statute does not provide any rate of compensation for injuries which may not disable the employé, but which may constitute injury to him through disfigurement or otherwise, as by the loss of an ear or the nose.

The defendant admits that the plaintiff has lost a part of his ear as a result of the defendant's negligence; and as it cannot be assumed that the Legislature, in enacting the beneficent provisions of the Workmen's Compensation Law, intended to deprive an employé of the right to recover damages for injuries not constituting disabilities within the meaning of the statute, the order must be affirmed, with $10 costs and disbursements.

Order affirmed, with $10 costs and disbursements, with leave to the defendant to withdraw the demurrer and answer within six days after service of a copy of the order entered hereon in the City Court, upon payment of costs in this court and in the court below. All concur.