Hon. Daniel E. Shapiro Formal Opinion Chairman, State Cemetery Board No. 2001-F1 Department of State Albany, N Y 12231-0001
Dear Chairman Shapiro:
You have requested our opinion as to the obligations of public cemetery corporations with respect to persons who purchase funeral or burial merchandise before it is needed, i.e., before the death of the person for whom it is purchased ("pre-need purchasers"). Specifically, you have called our attention to General Business Law § 453, which governs a seller's treatment of payments by a purchaser of funeral or burial merchandise, when such merchandise "is not to be delivered . . . until the occurrence of the death of the person for whose funeral or burial" the merchandise is to be furnished. Under this statute, such payments must be held by the seller of the merchandise in a trust account for the purchaser, repayable upon demand of the purchaser until delivery of the merchandise.
You note that at least one public cemetery corporation has adopted the practice of immediately acquiring, and then storing, concrete grave liners for pre-need purchasers rather than placing the payments for these grave liners in a trust account, as the statute requires, until the merchandise is needed. The cemetery corporation, you advise, is of the view that because such a purchaser receives title to an identifiable item of merchandise, delivery is complete and section 453 by its literal terms does not apply to the transaction, even though the merchandise remains in the cemetery corporation's possession and the death of the person for whom the merchandise has been purchased has not yet occurred. You accordingly ask whether this practice is consistent with the statute — i.e., whether, when a public cemetery corporation receives pre-need payment for funeral or burial merchandise, it may immediately acquire and store the merchandise for the purchaser and treat the merchandise as delivered, rather than placing the money in trust until such time as the merchandise is needed upon the death of the designated beneficiary.
We conclude that a cemetery corporation may not circumvent the trust and repayment-on-demand requirements of section 453 by such early "constructive delivery" of the merchandise. When there is a pre-need agreement for the sale of funeral and burial merchandise, such as concrete grave liners, section 453 of the General Business Law prohibits constructive delivery of the merchandise upon transfer of consideration to the seller. Under section 453, the payment continues to belong to the consumer and must be held in trust and be repaid with interest on demand of the consumer at any time prior to actual delivery of the merchandise upon or after the death of the person for whom it has been purchased.
General Business Law § 453 provides in relevant part:
 1.(a) Any and all moneys paid to a funeral firm, funeral director, undertaker, cemetery, or any other person, firm or corporation, under or in connection with an agreement for the sale of merchandise to be used in connection with a funeral or burial, or for the furnishing of personal services of a funeral director or undertaker, wherein the merchandise is not to be delivered or the personal services are not to be rendered until the occurrence of the death of the person for whose funeral or burial such merchandise or services are to be furnished shall continue to be the money of the person making such payment and shall be held in trust for such person by the funeral firm, funeral director, undertaker, cemetery or any other person, firm or corporation to whom such payment is made and shall, within ten business days of receipt, be deposited in an interest bearing account . . . .
 2. The amount of any and all moneys paid under or in connection with such an agreement, together with interest, if any, accrued thereon while on deposit as so required shall be repaid on demand at any time prior to the delivery of the merchandise and/or the rendering of the personal services.
Thus, the statute covers all funeral-related or burial- related merchandise that is "not to be delivered . . . until the occurrence of the death of the person for whose funeral such merchandise" is to be furnished.[1] All money paid to the seller for such merchandise is deemed to be the money of the purchaser and must be held in an interest-bearing trust account. Such funds must be repaid on demand by the purchaser prior to delivery of the merchandise and/or rendering of the services. The parties may not waive the requirements of this provision. See General Business Law § 453(4) ("any such agreement whereby a person who pays money under or in connection therewith waives any provision of this section shall be void").
The plain language of the statute indicates that its requirements pertain only to money paid for merchandise that is not to be delivered until death, and not to money paid for merchandise that is delivered before death. The cemetery corporation you mention in your inquiry accordingly takes the view that section 453 does not apply to payments for identifiable merchandise to which title passes but that remains in the seller's possession until the death of the person for whom it has been purchased. In the corporation's view, "delivery" of such merchandise is complete at the time title passes. The cemetery corporation's position apparently depends on treating "constructive delivery" of the merchandise as the equivalent of actual delivery to the purchaser. However, because "constructive delivery" of funeral or burial merchandise that will not be actually delivered or used prior to death is not recognized under the statute and would contravene the statute's purpose of protecting consumers, we conclude that the cemetery corporation may not avoid the requirements of section 453 by treating such transactions as constructive deliveries.
The term "deliver", as it is commonly used, means to "yield possession or control of," "to hand over," or to "surrender." Webster's New International Dictionary (1981). "Constructive delivery," on the other hand, is the "recognition of the act of intending that title to property be transferred to someone, even though the actual, physical delivery of the property is not made." Black's Law Dictionary 313 (6th ed. 1990). Constructive delivery will take place "when the conduct of the parties is such as to be inconsistent with any other supposition than that there has been a change in the nature of the holding." Integrity Ins. Co. v.Marine Midland Bank-Western, 90 Misc.2d 868, 870 (Sup.Ct., Monroe County 1977).
In certain circumstances, such as the sale of goods governed by article 2 of the Uniform Commercial Code, constructive delivery may substitute for actual delivery. See Integrity Ins. Co., 90 Misc. 2 d at 870-871. However, article 2 of the Uniform Commercial Code does not "impair or repeal any statute regulating sales to consumers." U.C.C. § 2-102. Thus, unless a theory of constructive delivery of funeral-related merchandise in advance of death is consistent with General Business Law § 453, the sale and storage of grave liners by the cemetery corporation prior to "the death of the person for whose funeral or burial [they] are to be furnished" is subject to the trust-account and repayment- on-demand provisions of that section.
We believe that pre-need "constructive delivery" of merchandise otherwise covered by General Business Law § 453 is inconsistent with and thus not contemplated by the statute as an alternative to actual delivery of the same merchandise at or after the time of death. Like any other statute, General Business Law § 453 is to be interpreted to implement the will of the Legislature. See Bryant v. New York City Health andHosps. Corp., 93 N.Y.2d 592, 602 (1999). Indeed the touchstone of statutory interpretation in this State is the intent of the Legislature.Riley v. County of Broome, 95 N.Y.2d 455, 463 (2000). Such an interpretation considers the "spirit and purpose of the statute and the objectives sought to be accomplished by the Legislature." Matter ofHernandez v. Barrios-Paoli, 93 N.Y.2d 781, 786 (1999).
Recognizing the practice of pre-need constructive delivery of a grave liner would contravene the purpose of section 453. The statute is part of an enactment called the "New York State Preneed Funeral Consumer Protection Act." L. 1993, ch. 529, § 1. The statute's purpose is clear on its face: to protect consumers making "pre-need" purchases of merchandise or services relating to a burial or funeral between the time of purchase and the time of death, when the merchandise or services are actually needed. Such protections consist of the requirement that the seller of the merchandise keep moneys paid in trust for the purchase in an interest-bearing account and that such money remain fully refundable to the purchaser upon demand prior to the need for the merchandise. The protections of section 453 are triggered precisely by the fact that the transactions it governs entail a significant gap between when the covered merchandise is paid for and when it is "delivered," with physical delivery occurring only upon "the occurrence of the death of the person for whose funeral or burial such merchandise" is furnished. Because actual physical delivery of most death-related merchandise would be uniquely purposeless and even uniquely unwelcome to the consumer before death occurs, there is little occasion for actual delivery in advance of death and thus outside the reach of the statute.
If, on the other hand, such merchandise were instead subject to "constructive delivery" before death and triggered by no more than a consumer's payment and a seller's identification of the particular merchandise to which it corresponds,[2] the protections of the statute would be entirely and routinely bypassed. The Legislature cannot have intended this result. See Prisoners' Legal Services of New York v. NewYork State Dept. of Correctional Servs., 73 N.Y.2d 26, 33 (1988) ("[t]he Legislature could not have intended to enact a statute that could so easily be rendered ineffectual").
The legislative history of the statute confirms that permitting constructive delivery of the covered merchandise would violate the Legislature's intent. The statute is designed to protect consumers who wish to arrange for their or a loved one's funeral in advance. See
Governor's Mem. approving L 1993, ch. 529, 1993 New York Legis. Ann., at 403-404; Grannis Mem., L 1993, ch. 529, 1993 New York Legis. Ann., at 402-403. The Department of Health, which proposed the bill, identified its purpose as "afford[ing] more protection against the misuse of pre-need funeral moneys." Memorandum in Support by Department of Health, Bill Jacket, L. 1993, ch. 529 at 10. The Department had "uncovered numerous cases in which funeral directors have accepted money for services or property to be furnished when the person making payment dies and spent the money, commingled it with their funds, refused demands for repayment, kept surplus moneys [or] ceased doing business without accounting for such funds." Id. at 11; see also Memorandum in Support by Department of State, id. at 34 (statute addresses "abuses within the funeral industry with respect to the taking of deposit monies made in advance of need").
As the bill's Assembly sponsor noted during the floor debate, cemeteries and funeral homes "are holding the assets of an individual to provide a service when that person dies." Remarks of Assem. Grannis, NYS Assembly Debate, July 4, 1993 at 103. "It's not an asset of the firm . . . untilthe person dies; and the death is the triggering mechanism that activatesthe contract and provides for the transfer of the money to the funeralhome to provide the services." Id. at 130 (emphasis added). To allow constructive delivery of the covered merchandise would thwart the protective purpose of the statute by depriving consumers of its protections between the time of payment and the time the merchandise is needed — exactly when those protections were intended to apply.
For these reasons, we believe that a cemetery corporation may not avoid the requirements of General Business Law § 453 by the "constructive delivery" to pre-need purchasers of grave liners and other covered merchandise. Any money paid toward the purchase of such merchandise must be placed in an interest- bearing account and must be repaid to the purchaser upon demand at any time prior to the actual physical delivery of the merchandise to the purchaser at the time of the death of the person for whose funeral or burial the merchandise was purchased.
Very truly yours,
ELIOT SPITZER, Attorney General
[1] Section 453 does not apply to the sale of lots or graves by a cemetery. See General Business Law § 453(9).
[2] Because we conclude that "constructive delivery" is not consistent with the statute, we do not opine on what steps would be required to ensure that title to particular merchandise passes in order to constitute valid "constructive delivery."